**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61167-DAMIAN/STRAUSS**

**KAYLA THOMPSON,**

     Plaintiff,

v.

**D4C DENTAL BRANDS, INC.,**

     Defendant.

                                  /

## REPORT AND RECOMMENDATION

THIS MATTER came before the undersigned upon an independent review of the record in this case. For the reasons discussed below, I respectfully **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

On January 27, 2026, now-retired U.S. Magistrate Judge Alicia Valle entered a paperless order granting Anthony J. Perez's motion to withdraw as counsel for Plaintiff. [DE 19]. That order imposed a deadline on Plaintiff. *Id.* Specifically, Judge Valle ordered Plaintiff to either retain counsel (who would have to file a notice of appearance) or file a notice indicating that she intended to proceed without counsel by February 10, 2026. *Id.* To ensure that Plaintiff was aware of these requirements and the deadline, the order also stated, "[W]ithin **two days** from the date of this Order, Plaintiff's former counsel must: (i) serve this Order on Plaintiff via First Class U.S. Mail and email to the addresses stated in the Motion; and (ii) file a Notice confirming service." *Id.* Judge Valle's order warned Plaintiff that failure to timely comply could result in a recommendation to the District Judge that her case be dismissed for lack of prosecution. *Id.*

By February 11, 2026, no new counsel had appeared, and Plaintiff had failed to file a notice indicating she would proceed without counsel.  Because Mr. Perez did not timely file the required notice confirming service, the Court issued an order to show cause to him.  *See generally* [DE 21].  It stated, "Anthony J. Perez shall file the Notice indicating whether – and when – he served the Court's order [DE 19] on Plaintiff."  *Id.* at 1.  Mr. Perez then filed the notice, which, along with its attachments, appeared to show that Plaintiff's outgoing counsel *did* timely serve the Court's January 27, 2026 order on Plaintiff by both email and mail on January 28, 2026.  *See* [DE 22] at 1-2; [DE 22-1] at 1-2.[1]  Indeed, in the email from Mr. Perez's paralegal to Plaintiff, the paralegal noted for Plaintiff what Judge Valle's order required and the February 10 deadline.  [DE 22-1] at 1.

Satisfied with Mr. Perez's representations that Plaintiff had, in fact, received Judge Valle's order, on February 17, I entered a new order giving Plaintiff until February 24, 2026, to comply with Judge Valle's initial order.  *See* [DE 24] at 1-2.  Like Judge Valle's initial order, I warned Plaintiff that "failure to comply may result in a recommendation to the District Judge that the case be dismissed for lack of prosecution."  *Id*. at 2.  To ensure Plaintiff received notice of my order, I directed the Clerk of Court to mail *and* email the order to Plaintiff at the addresses for her listed in the record.  *Id.* ¶ 3, at 2.  The Clerk's Office filed a notice of compliance on the docket, indicating that it mailed and emailed the order to Plaintiff as requested.  [DE 25].

The February 24, 2026 deadline came and went, and Plaintiff still had not complied with Judge Valle's January 27, 2026 order.  Accordingly, I entered another order to show cause directing Plaintiff to "comply with the Court's prior order [DE 19] by (1) retaining new counsel (who must file a notice of appearance) or (2) filing a notice that Plaintiff intends to proceed without

---

[1] In his response to the order to show cause directed at him, Mr. Perez explained that he had drafted the notice of compliance, but an administrative error caused it to not be filed by the deadline set by the Court.  [DE 23] ¶¶ 5-6.

counsel." [DE 26] at 1.  This final order to show cause underscored for Plaintiff that the previous two orders had warned that failure to timely comply could result in a recommendation to the District Judge that her case be dismissed for lack of prosecution.  *Id.* (first citing [DE 19], and then citing [DE 24]).  I further warned Plaintiff, "Failure to comply with this deadline will result in a recommendation to District Judge Melissa Damian that this case be dismissed for failure to prosecute."  *Id.* at 2.  The deadline to respond to this order to show cause was March 9, 2026.  *Id.* at 1-2.  To date, Plaintiff has failed to meet this deadline as well.  No new counsel has appeared. Plaintiff has not filed a notice indicating that she will proceed without counsel.  And Plaintiff has neither sought additional time nor explained why she has not complied with the Court's three orders.

### ANALYSIS

This case should be dismissed without prejudice based on Plaintiff's failure to prosecute. "A district court can only dismiss an action on its own motion as long as the procedure employed is fair. To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citation modified).  Assuming a fair procedure is used, federal district courts possess "inherent authority to dismiss sua sponte for lack of prosecution."  *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1143 n.1 (11th Cir. 2023); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Here, dismissal is appropriate because Plaintiff has failed to comply with the Court's order despite ample time and three chances to do so.  Moreover, the Court notified Plaintiff of its intent to dismiss the action due to an apparent failure to prosecute on multiple occasions, and Plaintiff,

despite the warnings, still failed to comply with clear directives from the Court.  As specified above, the Court repeatedly warned Plaintiff that a failure to comply with Judge Valle's order could result in dismissal.  The Court even took additional steps to ensure Plaintiff received notice of multiple orders, such as issuing an order to show cause to Plaintiff's previous counsel and directing the Clerk of Court to mail and email an order to Plaintiff at the addresses in the record.  Yet, despite being given multiple opportunities, Plaintiff has failed to take any action to comply with the Court's orders.  Indeed, Plaintiff has done nothing to comply with the directive in Judge Valle's January 27, 2026 order, which was issued six weeks ago.  I therefore recommend that this action be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, I respectfully **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 12th day of March 2026.

Jared M. Strauss
United States Magistrate Judge

4