**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-CV-61167-CIV-DAMIAN/STRAUSS**

**KAYLA THOMPSON**,

      Plaintiff,

v.

**D4C DENTAL  BRANDS, INC.**,

      Defendant.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Magistrate Judge Jared Strauss's Report and Recommendation to the District Judge ("Report") [ECF No. 27], entered on March 12, 2026.

THE COURT has considered the Report, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

Plaintiff filed this employment discrimination case on June 10, 2025. [ECF No. 1]. On January 26, 2026, Plaintiff's attorney filed an Unopposed Motion to Withdraw. [ECF No. 18]. The following day, U.S. Magistrate Judge Alicia Valle entered a paperless order granting the motion to withdraw as counsel for Plaintiff and ordered Plaintiff to either retain counsel (who would have to file a notice of appearance) or file a notice indicating that she intended to proceed without counsel by February 10, 2026. [ECF No. 19]. After Plaintiff failed to timely comply with the Magistrate Judge's January 27, 2026 Order, on February 17, 2026, Magistrate Judge Strauss entered an order giving Plaintiff until February 24, 2026, to comply with Judge Valle's initial order. [ECF No. 24]. Both Judge Valle's January 27 Order and Judge Strauss's February 17 Order warned Plaintiff that "failure to comply may result in a recommendation to the District Judge that the case be dismissed for lack of

prosecution." [ECF No. 24 at 2]. Judge Valle and Judge Strauss also assured that their orders were served on Plaintiff.

Plaintiff again failed to comply with Judge Strauss's order, following which, on February 27, 2026, Judge Strauss issued yet another order directing Plaintiff to "comply with the Court's prior order [DE 19] by (1) retaining new counsel (who must file a notice of appearance) or (2) filing a notice that Plaintiff intends to proceed without counsel." [ECF No. 26]. The February 27 Order warned that failure to comply "[would] result in a recommendation to [this Court] that this case be dismissed for failure to prosecute." *Id*. at 2. The deadline to respond to the February 27 Order was March 9, 2026. *Id*. at 1-2. Plaintiff again failed to comply.

On March 12, 2026, Magistrate Judge Strauss issued the Report recommending that this case be dismissed based on Plaintiff's failure to comply with the Court's Orders. [ECF No. 27]. The Report advised Plaintiff that she had fourteen days from receipt of a copy of the Report to file written objections. *See id.* at 4.  To date, no objections have been filed and the time to do so has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de*

*novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with Judge Strauss's well-reasoned findings and thorough analyses and conclusions and agrees with Judge Strauss's recommendation that Plaintiff's Complaint be dismissed without prejudice.

Accordingly, for the reasons set forth, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 27]** is **AFFIRMED AND ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. The Complaint is this case **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of April, 2026.

            **MELISSA DAMIAN**
            **UNITED STATES DISTRICT JUDGE**

cc:    Magistrate Judge Jared Strauss

       Kayla Thompson, *pro se*
       6754 Sienna Club Drive
       Lauderhill, FL 33319