**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61167-DAMIAN/Strauss**

**KAYLA THOMPSON**,

      Plaintiff,

v.

**D4C DENTAL BRANDS, INC.**,

      Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 31]**
**AND DENYING MOTION FOR ATTORNEYS' FEES [ECF NO. 29]**

**THIS CAUSE** came before the Court on Magistrate Judge Jared M. Strauss's Report and Recommendation, entered on June 16, 2026 [ECF No. 31 (the "Report")].

THE COURT has reviewed the Report and the pertinent portions of the record and is otherwise fully advised.

Plaintiff, Kayla Thompson, initiated this action on June 10, 2025, by filing a Complaint asserting claims for employment discrimination against Defendant, D4C Dental Brands, Inc. ("Defendant" or "D4C"). [ECF No. 1]. On April 3, 2026, this Court adopted Magistrate Judge Strauss's recommendation [ECF No. 27] that the case be dismissed based on Plaintiff's failure to comply with Court orders. [ECF No. 28].

On June 1, 2026, D4C filed a Motion for Attorney Fees and Costs. [ECF No. 29]. Plaintiff did not file a response. The undersigned referred the Motion to Magistrate Judge Strauss [ECF No. 30], and on June 16, 2026, Judge Strauss issued the Report recommending that the Motion be denied on the grounds that D4C has not shown or even argued that Plaintiff's claims were frivolous, unreasonable, or without foundation. [ECF No. 31]. No party filed objections to the Report, and the deadline for doing so has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. Having reviewed the Report and the Magistrate Judge's reasons in support of the recommendation, this Court agrees and finds no error. Accordingly, for the reasons laid out by the Magistrate Judge in the Reports, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 31]** is **AFFIRMED AND ADOPTED**. It is further

**ORDERED AND ADJUDGED** that the Motion for Attorney Fees **[ECF No. 29]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 10th day of August, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

Cc:   Counsel of Record
Kayla Thompson, *pro se*